**ORIGINAL**

Nathan J. Novak, SBN 240473
nnovak@colepedroza.com
Amy E. Rankin, SBN 322807
arankin@colepedroza.com
COLE PEDROZA LLP
2295 Huntington Drive
San Marino, CA 91108
Tel: (626) 431-2787
Fax: (626) 431-2788

Attorneys for Debtor/Defendant/Cross-Complainant
ACCLIVITY WEST, LLC

FILED

FEB - 9 2024

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

**FAXED**

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| In re | Case No. _____ |
|---|---|
| ACCLIVITY WEST, LLC, | Chapter 11 |
| Debtor. | Adversary No. Assigned to Removed Action _____ |
| BEN MOHR, an individual; KELLY WOO, an individual; ALEKSANDER DYO, an individual; and HOWARD LEE, an individual, | **NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT (28 USC § 1452)** |
| Plaintiffs, | |
| v. | |
| ACCLIVITY WEST, LLC, A California Limited Liability Company; and DOES 1-25, inclusive, | |
| Defendants. | |

1

NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT

ACCLIVITY WEST, LLC, a California Limited Liability Company,

    Cross-Complainant,

v.

BEN MOHR, an individual, and ROES 1 through 100, inclusive,

    Cross-Defendants.

NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that ACCLIVITY WEST, LLC a debtor in bankruptcy ("Debtor" or "Acclivity") by and through its undersigned counsel, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure hereby removes the above-captioned case from the Superior Court of the State of California, County of Los Angeles (Case No. 21STCV32992) to the United States District Court for the Central District of California, Western Division, and in support thereof respectfully states as follows:

1. On September 7, 2021, Plaintiffs Ben Mohr, Kelly Woo, Aleksander Dyo, and Howard Lee, filed a complaint (the "Complaint") in the Superior Court of the State of California, County of Los Angeles (the "State Court") against Acclivity seeking a declaration related to the duty to defend in another State Court lawsuit, *Barushka Sedlar-Sholty, et al. v. Acclivity West, LLC, et al.*, Case Number 21STCV28725.

2. On July 15, 2022, Acclivity filed a cross-complaint against Mohr alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contractual relations, unfair competition, and misappropriation of trade secrets.

3. On June 23, 2023, Acclivity filed an amended cross-complaint, which adds to the case the following causes of action against Mohr, Woo, Dyo and Lee: breach of express obligation to defend; breach of express obligation to indemnify; declaratory relief; breach of implied covenant of good faith and fair dealing as to defense/indemnification. As to Dyo, the amended cross-complaint adds additional breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty claims. Lee has since been discharged in a bankruptcy of his own filed in this district, Case No. 8:23-bk-10398-TA, and was dismissed without prejudice from the State Court action as a result.

NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT

4.    On January 5, 2024, Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), under Case No. 24-90003 (jointly administered under Case No. 90001) currently pending before the Bankruptcy Court.

5.    On January 12, 2024, Debtor filed a Notice of Automatic Stay in the State Court.

6.    Debtor now seeks to remove this case pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

7.    In this case, Debtor seeks the recovery of costs and attorney fees incurred in the State Court case, which cause of action is related to Debtor's bankruptcy case. This cause of action for recovery of attorney fees is property of the Acclivity bankruptcy estate under Section 541 of the Bankruptcy Code and is part of the collateral for the secured loan made by Acclivity's pre-petition and debtor in possession secured lender. For these reasons, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b).

8.    Debtor consents to the entry of final orders or judgments by the bankruptcy judge.

9.    Copies of documents and pleadings served and filed in the underlying case state action obtained from the State Court and in Debtor's possession to date will be filed within 30 days as required by LBR 9027-1(d)(2)(A).

//
//
//
//

NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT

10.   A copy of this Notice of Removal will be filed with the State Court and served on all parties concurrently herewith in accordance with Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

DATED: February 9, 2024            COLE PEDROZA LLP

By: _____
       Nathan J. Novak
       Amy E. Rankin
       Attorneys for Debtor/Defendant/Cross-Complainant
       ACCLIVITY WEST, LLC

5

NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO BANKRUPTCY COURT

**ORIGINAL**

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Nathan J. Novak (SBN 240473)
Cole Pedroza LLP
2295 Huntington Drive
San Marino, CA 91108
nnovak@colepedroza.com
Tel: (626) 431-2787  Fax: (626) 431-2788

☐ Individual appearing without an attorney
☒ Attorney for: Acclivity West, LLC

FOR COURT USE ONLY

RECEIVED
FEB - 8 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY          Deputy Clerk

RECEIVED
FEB - 9 2024
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:          Deputy Clerk

FAXED

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>Acclivity West, LLC<br><br>Debtor(s).<br>Ben Mohr, an individual; Kelly Woo, an individual; Aleksander Dyo, an individual; and Howard Lee, an individual<br><br>Plaintiff(s),<br>vs.<br><br>Acclivity West, LLC, a California limited liability company, & Does 1-25, inclusive,<br><br>Defendant. | CASE NO.:<br><br>CHAPTER: 11<br><br>ADVERSARY NO.:<br><br>**NOTICE OF STATUS CONFERENCE**<br>**RE REMOVAL OF ACTION**<br><br>**[LBR 9027-1]** |

TO: ALL PARTIES IN REMOVED ACTION, ANY TRUSTEE APPOINTED IN THE BANKRUPTCY CASE, AND THE U.S. TRUSTEE:  A Notice of Removal of Action (Removal Notice) was filed under 28 U.S.C. §1452(a), FRBP 9027 and LBR 9027-1(a).  A copy of the Removal Notice accompanies this Notice of Status Conference (Status Conference Notice).

| |
|---|
| Removing Party: Acclivity West, LLC |
| Date of Filing of Removal Notice: February 9, 2024 |
| Court/division from which action is removed: Los Angeles Superior Court |
| Case No. of Removed Action: 21STCV32992 |

1) **Status Conference** – A status conference on the Removal Notice has been set for:

| Hearing date:<br><br>Time:<br><br>Courtroom: | Address:<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*December 2014*                            Page 1                    F 9027-1.NOTICE.STATCONF.REMOVAL

2) **Service of Status Conference Notice** – Pursuant to LBR 9027-1(b)(3), no later than 14 days after the Status Conference Notice is issued and filed, the party who filed the Removal Notice must serve the Status Conference Notice on all parties to the removed action, any trustee appointed in the bankruptcy case, the United States trustee, and a judge's copy as provided in the Court Manual.

3) **Preserving Right to Jury Trial** – Pursuant to LBR 9027-1(e), no later than 14 days after service of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)), a party to the removed action must comply with LBR 9015-2 to preserve any right to trial by jury.

4) **FRBP 9027(e)(3) Statement** – Pursuant to FRBP 9027(e)(3), no later than 14 days after the filing of the Removal Notice (plus an additional 3 days if you were served by mail, electronically or pursuant to F.R. Civ. P. 5(b)(2(D),(E) or (F)),, a party to the removed action (other than the party who filed the Removal Notice) must file with the clerk the statement required under FRBP 9027(e)(3) and serve the statement upon all other parties to the removed action.

5) **Litigation Documents** – Pursuant to FRBP 9027(a)(1) and 9027(e)(2), and LBR 9027-1(d), subject to LBR 9027-1(d)(2)(B), no later than 30 days after the filing of the Removal Notice, the party who filed the Removal Notice must file with the clerk, all of the following items pertaining to the action being removed:

    (a) A copy of the docket from the court where the removed litigation was pending; and

    (b) A copy of every document reflected on the docket, whether the document was filed by a party or entered by the court. These copies must be provided in chronological order according to the date the document was filed.

6) **Joint Status Report** - Pursuant to LBR 7016-1(a)(2), no later than **14 days prior to the Status Conference**, all parties to this adversary proceeding must participate in filing a joint status report (JSR) and deliver a judge's copy as required in the Court Manual. The JSR must be prepared according to the instructions set forth on the court's website at www.cacb.uscourts.gov.

KATHLEEN J. CAMPBELL, CLERK OF COURT

Date:                                          By: _____
                                                        Deputy Clerk

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California